UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

HOOSIER ENVIRONMENTAL COUNCIL *et al.*,

Plaintiffs,

v.

NATURAL PRAIRIE INDIANA
FARMLAND HOLDINGS, LLC *et al.*,

Defendants.

CAUSE NO. 4:19-CV-71 DRL

## FINAL ORDER OF DISMISSAL

Before the Court is Plaintiffs' and Natural Prairie's ("Settling Parties") joint motion for entry of a final order and judgment that dismisses this cause of action with prejudice, retains the Court's jurisdiction to enforce their Confidential Settlement Agreement ("Agreement"), and triggers the 30-day time period under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for Plaintiffs to seek an award of fees and costs as prevailing parties in their APA claim against the Army Corps of Engineers ("Army Corps"). [ECF 150] The Court, having reviewed the Agreement,[1] and being duly advised of the Army Corps' position on the Settling Parties' joint motion,[2] hereby **GRANTS** the motion and enters final judgment as follows.

---

[1] In a separate order, the Settling Parties were directed to submit their Agreement for the Court's in-camera review to maintain its confidentiality as the Settling Parties intended. The Court agrees that private settlement agreements such as this that do not require court approval should not be treated as judicial records that are subject to the presumption of public access. *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833-834 (7th Cir. 2013).

[2] The Army Corps states it has no objection to the dismissal or entry of final judgment triggering the EAJA's 30-day window for Plaintiffs to seek fees, so long as the agency likewise retains its right to raise any defenses it may have to Plaintiffs' fee application. Army Corps takes no position on whether the Court retains jurisdiction to enforce the Settling Parties' Agreement or decides to keep the terms of the Agreement confidential. [DE 150 at 6]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:**

1. **Jurisdiction.** The Court has jurisdiction over the Parties and subject matter of this action, and venue in this Court is proper.

2. **Summary Judgment on Plaintiffs' APA Claim is a Final Judgment.** The Court's order and opinion of September 29, 2021, which granted summary judgment for Plaintiffs on their APA claim against the Army Corps [ECF 80], is incorporated herein by reference into this final order as a final ruling.

3. **Deadline for Plaintiffs to Seek Fees Under the EAJA.** Pursuant to 28 U.S.C. § 2412(d)(1), Plaintiffs have 30 days of entry of this final order to submit to the Court an application for an award of attorney fees and costs as prevailing parties in their APA claim against the Army Corps. Entry of this final order does not limit or preclude any defense the Army Corps may have under the EAJA to Plaintiffs' fee application.

4. **Court Review of Settlement.** Having reviewed the Agreement, the Court finds the settlement reached between Plaintiffs and Natural Prairie to be a fair and reasonable resolution of the complex and contentious claims between these parties. The Court further finds that specific enforcement of the settlement's terms and conditions set forth in the Agreement would not be contrary to law or public policy.

5. **Dismissal with Prejudice.** By consent of the Parties, all claims, affirmative defenses, crossclaims, or counterclaims not already resolved by the Court's summary judgment ruling on Plaintiffs' APA claim [ECF 80], that are or could have been asserted by any of the named Parties to this Lawsuit, are hereby dismissed in their entirety with prejudice. Such claims include "Plaintiffs' Claims" as defined in the Agreement but do not include "Plaintiffs' Excluded Claims" as defined in the Agreement.

6. **Continuing Jurisdiction.** Without affecting the finality of this judgment, the Court retains continuing jurisdiction over the enforcement of the Settling Parties' Agreement, the confidential terms of which are expressly incorporated herein in all respects and made effective by operation of this final judgment.

7. **Entry of Final Judgment.** This final order of dismissal constitutes a final judgment, and the court directs the clerk to enter final judgment accordingly.

SO ORDERED.

March 1, 2024                                             *s/ Damon R. Leichty*
                                                          Judge, United States District Court